IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,277




EX PARTE LAKESHA BLOUNT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 36780-A IN THE 188TH JUDICIAL DISTRICT COURT
FROM GREGG COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to theft and
originally received deferred adjudication community supervision. Her guilt was later adjudicated,
and she was sentenced to eighteen months’ state jail imprisonment. 
            Applicant contends that her appellate counsel rendered ineffective assistance because he
failed to timely file a notice of appeal. Appellate counsel has submitted an affidavit indicating that
he timely prepared and mailed the notice of appeal, but that it was sent to the Court of Appeals rather
than the trial court.
            The trial court has determined that appellate counsel failed to timely file a notice of appeal. 
We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the
judgment of conviction in Cause No. 36780-A from the 188th Judicial District Court of Gregg
County. Applicant is ordered returned to that time at which she may give a written notice of appeal
so that she may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be
calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. 
We hold that, should Applicant desire to prosecute an appeal, she must take affirmative steps to file
a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.
 
Delivered: January 27, 2010
Do Not Publish